## Siglin's Estate.

*Lunacy—Rule on committee to account—Disabled soldiers—United States Veterans' Bureau—Petition for rule to account—Affidavit.*

1. The United States Veterans' Bureau, a department of the Federal Government, has a standing to petition the court for a rule to compel the filing of an account by a committee in lunacy of a disabled soldier who had been in the service of the United States.

2. The legal adviser and guardian officer for a regional office of the Veterans' Bureau may make the affidavit to the petition for such rule.

3. Where a trustee has filed an inadequate account, he may, before the expiration of three years from such filing, be compelled to file another account.

Rule to show cause why committee should not file an account. C. P. Union Co., Jan. T., 1919, No. 2.

*John M. Dervin* and *C. K. Morganroth,* for rule.

*Harry M. Showalter,* contra.

POTTER, P. J., Dec. 20, 1926.—From the records in this matter we gather that on Feb. 8, 1919, this unfortunate young man was duly adjudged a lunatic. C. F. Roth was appointed as his committee, and was directed to give bond in the sum of $100. We can find no bond in the files, and do not know if it was given and approved or not, but we presume it was.

This young man had been in the service of the United States Army, apparently was therein incapacitated or disabled, by reason of which the United States Government has, for some years past, been paying to him a monthly sum, which has come into the hands of his said committee. This lunatic, we learn, was confined in the State Hospital for the Insane at Danville, Montour County, Pennsylvania, and, for all we know, is there yet.

It seems the committee filed an account in this court on Nov. 8, 1924, which we suppose was a triennial one, although it also is not among the files. It seems this account was set down for audit, as we learn from the petition for the rule, but the motion for the appointment of an auditor, his appointment, as well as his report, are also strangely missing. We suppose, however, that a motion was presented to us and the appointment was made, as otherwise we would not have made an appointment. We suppose the auditor sat, as we have testimony taken before him, but no report from him nor any word looking to his disposition or recommendation on the matters at issue before him.

We will, then, presume the auditor was appointed and took the testimony which we have before us.

On Aug. 26, 1926, a rule was taken out requiring this committee to show cause why he should not file an account of his fiduciary relations and transactions in regard to the estate of this lunatic, which is resisted by the committee for four reasons, the first being as follows: "The petitioner's attorney is not a proper person to swear to the petition and his affidavit is insufficient."

The petitioner, John M. Dervin, Esq., is the Legal Adviser and Guardianship Officer for the Philadelphia Regional Office of the United States Veterans' Bureau, a department of the Government of the United States. As such, it is his duty to have a care for disabled soldiers of the United States Army, as well as for their maintenance and financial affairs. He goes where he is sent to investigate as well as to assist. It so happens that he is an attorney-at-law, and, as such, attends personally to matters pertaining to his office in the courts within his district. After a full personal investigation by him, we

Siglin's Estate.

don't know who would be better qualified to set out the facts by petition as well as to make the necessary affidavit thereto. We know of no statute prohibiting him from so doing.

The second reason is as follows: "The committee, C. F. Roth, filed an account in this court on Nov. 8, 1924, and the act of assembly provides for the filing of an account every three years, unless otherwise ordered by the court."

It is alleged that the account was filed, although we never saw it and know nothing about it. The Act of June 13, 1836, § 40, P. L. 597, provides for the filing by the committee of an account every three years, *or at any other time when so required by the court.* From the testimony produced before the auditor, we are very much inclined to the belief that the former account of Nov. 8, 1924, was very much lacking in the detailed information it should have given regarding the management of the estate of this lunatic. The account should show exactly and precisely what was done with every cent of this lunatic's money coming into the hands of his committee, commissions, earnings or interest accrued, the character of investments, set out in such a manner as will enable all interested to fully understand the management of the estate. From what we can gather from the testimony given, we do not think this has been done; wherefore, we think another account should be stated and filed, as we have herein indicated.

The third reason is as follows: "The allegations set forth in the petition do not sufficiently set forth such facts as would cause a court to make an order on a committee to file an extra account."

This reason has been practically considered hereinbefore, but we might add that we think the petition does contain statements which would move us to make such an order, and we are more moved to do so upon reading the testimony. The days of technicalities are fast disappearing. What we want to get at are the merits in each case, and the petition does contain some things about which we desire to be more fully informed.

The fourth reason is as follows: "The United States Veterans' Bureau, a department of the United States Government, which John M. Dervin, Esq., claims he represents as counsel, is not a party in interest in this proceeding, and has, therefore, no standing before this court."

The United States Veterans' Bureau was established for the purpose of caring for disabled and incapacitated soldiers of the United States Army. The Government is paying a monthly sum to such disabled and incapacitated soldiers for their maintenance and care, and has provided this bureau to care for their interests and to see that they are properly maintained and cared for, and it is highly necessary in some instances that this be done. We think the United States Government, through its officers and agents, is an interested party, and as such has a right, in proper cases, to institute proceedings to secure to its disabled soldiers that care and protection which it is seeking to render. It has been decided that the State of Pennsylvania can be a party in legal proceedings relative to the care and maintenance of persons kept and partly maintained by it in State hospitals for the insane within its limits. On the same line of reasoning, why could not the United States Government institute proceedings for the care and protection of its disabled soldiers? We think the reply to this question is self-evident.

We do not intend, at this time, to enter upon a discussion as to the merits of the contentions of either party. That may come later, and when it does come before us, we will meet it.

Siglin's Estate.

This unfortunate lunatic is a ward of the court, and it is our duty to extend to him our official protection, for the care and protection of both him and his property, whether it is brought before us by petition or not.

When this committee was appointed, he was directed to enter security in the sum of $100. This may have been ample at that time. Now, it is ridiculously inadequate. We feel that this committee must very substantially increase the amount of the security to the sum of $5000 till these proceedings are disposed of. We can then, after we have ascertained the net sum in the committee's hands, either raise or lower the amount of the security as may be just and equitable, and in fixing this amount we are not, from the testimony, even fixing a sum double the amount in the hands of the committee at this time.

And now, to wit, Dec. 20, 1926, the rule is made absolute and the committee is ordered and directed to file a full, complete, specific and detailed account of his management of his ward's estate from the time he received the first moneys into his hands up to the date of the filing of the account as in this opinion indicated, the account to be filed within twenty days from this date. And within ten days from this date, the said committee is directed to enter security in the sum of $5000, the same to be approved by this court.

From Charles P. Ulrich, Selinsgrove, Pa.